United States District Court
Southern District of Texas

**ENTERED**
July 12, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **ERIN CARLING,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:24-cv-1413** |
| | § | |
| **SACKS COUNSELING, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Defendant Sacks Counseling, LLC's ("Defendant") Motion to Dismiss (ECF No. 13), Defendant's Motion for More Definite Statement (ECF No. 14), Plaintiff Erin Carling's ("Plaintiff") Motion for Hearing (ECF No. 16), and Plaintiff's Motion for Extension of Time (ECF No. 21).[2]  Based on a review of the motion and applicable law, the Court **RECOMMENDS** Defendant's Motion to Dismiss (ECF No. 13) be **GRANTED** and Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITH PREJUDICE** as to Defendant Sacks Counseling, LLC.  The Court **FURTHER RECOMMENDS** Defendant's Motion for More Definite Statement (ECF No.

---

[1] On May 1, 2024, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72.  (ECF No. 5).

[2] On May 31, 2024, this Court issued a Memorandum and Recommendation on Plaintiff's Motion for Preliminary Injunction (ECF No. 4), recommending that it be denied. (ECF No. 8).

14), Plaintiff's Motion for Hearing (ECF No. 16), and Plaintiff's Motion for Extension of Time (ECF No. 21) be **DENIED AS MOOT**.

## I.    Background

This is an employment discrimination case brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (ECF No. 1). On April 14, 2024, *pro se* Plaintiff filed suit against Defendant, alleging she was discriminated against based on her race. (*Id.*). Plaintiff attached the charge of discrimination she filed with the Equal Employment Opportunity Commission ("EEOC") to her complaint. (*Id.* at 10–12). In the charge of discrimination, Plaintiff provided details on various conflicts with her employer and her mental health struggles. (*Id.*).

On June 21, 2024, Defendant filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 13). Since then, Plaintiff has filed (1) a Notice to the Court communicating to the Court that she was working on her response (ECF No. 15); (2) a Motion for a Hearing wherein she requested help interpreting the law (ECF No. 16); (3) a Letter requesting help a second time (ECF No. 17); (4) an Exhibit containing "racial discrimination pictures" (ECF No. 18); (5) an "Amended Complaint" wherein Plaintiff simply "added" two parties to the case without restating her causes of action (ECF No. 19); and (6) a Motion for Extension of Time to amend

the joint discovery case management plan (ECF No. 21).  On July 11, 2024, Plaintiff filed her Response to Defendant's Motion to Dismiss.  (ECF No. 24).

## II.    Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  When considering a motion to dismiss, a court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010).  In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).  To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Although all reasonable inferences will be resolved in favor of a plaintiff, a plaintiff must plead "specific facts, not mere conclusory allegations."  *Tuchman v. DSC*

3

*Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *see also Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018) ("Although a complaint does not need detailed factual allegations, the allegations must be enough to raise a right to relief above the speculative level . . . .") (internal quotations omitted)). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Firefighters' Ret. Sys.*, 894 F.3d at 669 (quoting *Iqbal*, 556 U.S. at 678). "The court is not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint." *Santerre v. Agip Petroleum Co., Inc.*, 45 F. Supp. 2d 558, 568 (S.D. Tex. 1999) (internal quotations omitted).

To determine whether to grant a Rule 12(b)(6) motion, a court may only look to allegations in a complaint to determine their sufficiency. *Id.*; *Atwater Partners of Tex. LLC v. AT & T, Inc.*, No. 2:10-cv-175-TJW, 2011 WL 1004880, at *1 (E.D. Tex. Mar. 18, 2011). "A court may, however, also consider matters outside the four corners of a complaint if they are incorporated by reference, items subject to judicial notice, matters of public record, orders, items appearing in the record of a case, and exhibits attached to a complaint whose authenticity is unquestioned." *Joubert on Behalf of Joubert v. City of Houston*, No. 4:22-cv-3750, 2024 WL 1560015, at *2 (S.D. Tex. Apr. 10, 2024).

Importantly here, courts hold "pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)); *see also Ganheart v. Brown*, 740 F. App'x 386, 389 (5th Cir. 2018) ("Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers but are nonetheless insufficient if they contain only labels and conclusions, or a formulaic recitation of the elements of a cause of action." (quotations and alterations omitted)).

"A plaintiff need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion." *English v. Purdue*, 777 F. App'x 94, 99 (5th Cir. 2019) (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 329–30 (5th Cir. 2013)). But a plaintiff must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." *Chhim*, 836 F.3d at 470. "On a motion to dismiss, it is not necessary for the Court to follow the Title VII analysis established by the Supreme Court in *McDonnell Douglas*."[3] *Roberts v. Lubrizol Corp.*, No. 4:12-cv-3272, 2013 WL 12099843, at

---

[3] "Title VII affords employees the option of proving a violation through either direct or circumstantial evidence." *Jackson v. Watkins*, 619 F.3d 463, 466 (5th Cir. 2010). When a plaintiff's allegations are based on circumstantial evidence, the court applies the *McDonnell Douglas* burden-shifting framework. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482

*5 (S.D. Tex. June 28, 2013). "[T]he *McDonnell Douglas* framework is an evidentiary standard, not a rigid pleading requirement." *Puente v. Ridge*, 324 Fed. App'x 423, 427 (5th Cir. 2009) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 506–07 (2002)).

## III. Discussion

Having liberally construed Plaintiff's Complaint, it appears Plaintiff brings a race discrimination, disability discrimination, and retaliation claim against Defendant.[4] (ECF No. 1 at 2, 8, 10–11; ECF No. 1-1 at 1).

### A. Race Discrimination

Plaintiff brings a race discrimination claim against Defendant under Title VII. (ECF No. 1 at 2). Title VII prohibits "an employer from 'discriminat[ing] against any individual with respect to . . . compensation, terms, conditions, or privileges of employment" based on race, color, religion, sex, or national origin. *Adams v. Mem'l Hermann*, No. 4:15-cv-01270, 2018 WL 5886800, at *4 (S.D. Tex. Nov. 9, 2018) (citing 42 U.S.C. § 2000e-2.), *aff'd*, 973 F.3d 343 (5th Cir. 2020). To establish a prima facie case of discrimination under Title VII, a plaintiff must show that she: (1) is a member of a protected

---

F.3d 408, 411 (5th Cir. 2007); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973).

[4] While not explicitly pled, Defendant also addressed a hostile work environment claim in its Motion to Dismiss. (ECF No. 13-1 at 8–9). However, despite liberally construing Plaintiff's Complaint, the Court does not find that Plaintiff pled a hostile work environment claim and, thus, need not address Defendant's briefing as to it.

class; (2) was qualified for the position she held; (3) was subject to an adverse employment action; and (4) was treated less favorably than others similarly situated outside of her protected class. *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017).

Defendant does not contest that Plaintiff belongs to a protected class or that she was subjected to an adverse employment action.[5] (ECF No. 13-1 at 4). However, Defendant denies that Plaintiff suffered an adverse employment action because of her race. (*Id.* at 5). Further, Defendant argues that Plaintiff fails to plead sufficient facts to establish Plaintiff was qualified for her position or that she was replaced by an individual outside of the protected class. (*Id.* at 5–6).

At this stage, Plaintiff need not establish or explicitly plead each element, but she must at least plead facts giving rise to a reasonable inference of plausibility for the ultimate elements of her claim. *See Chhim*, 836 F.3d at 470–71. The Court will consider the alleged discrimination, first considering whether the facts give rise to a reasonable inference of an adverse employment action and then, if necessary, address the remaining elements. "The 'ultimate

---

[5] Defendant notes that Plaintiff failed to plead sufficient facts to establish she was subjected to an adverse employment action. (ECF No. 13-1 at 4). However, Defendant states the following: "Here, granting extreme license to Plaintiff's pro se status, Defendant candidly admits that Plaintiff was terminated from her employment by Defendant, and so Plaintiff should have properly selected option 'b' [on her complaint to allege Defendant terminated Plaintiff's employment]." (*Id.*).

question' is whether Plaintiff has pleaded facts from which the Court can reasonably infer that an adverse employment action was taken '*because of* her protected status.'" *Franklin v. Managed Lab. Sols.*, LLC, No. 4:22-cv-1619, 2022 WL 17980265, at *2 (S.D. Tex. Dec. 7, 2022) (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citation omitted)), *report and recommendation adopted*, 2022 WL 17980462 (Dec. 28, 2022).

Here, Plaintiff states the discrimination she experienced began after Plaintiff's recovery from a surgery developed into a staph infection. (ECF No. 1 at 10). Plaintiff alleges there were "statements of needing a white front," that her employer "made everything about race," there were remarks made about "ugly white cabinets, so they had to build black cabinets over them," white colored food was brought into the office, and she was given a gift "with a white towel and slippers in a box." (*Id.* at 2, 11–12). Similarly, Plaintiff alleges that her employer would "reference slavery many times . . . and treat [Plaintiff] in [sic] similar nature," state that "she [was] not going back to the plantation," and "called everyone a racist." (*Id.* at 11). Plaintiff also described certain tasks assigned to her by her employer such as taking out the trash or cleaning the office on one occasion when a client vomited. (*Id.*).

This Court agrees with Defendant that the Court cannot reasonably infer from these facts that an adverse employment action was taken because

of Plaintiff's protected status. *See Whitlock v. Lazer Spot, Inc.*, 657 F. App'x 284, 287 (5th Cir. 2016) (explaining that plaintiff's conclusory allegations did not contain sufficient content to allow the court to draw the inference that the defendant was liable for terminating plaintiff's employment because of his race). Further, Plaintiff fails to establish how her employer's comments constitute a link between her race and her termination. *See Booker v. DeJoy*, No. 5:22-cv-180, 2023 WL 7355068, at *3 (W.D. Tex. Jan. 17, 2023) (noting that in order to show a comment is direct evidence of discrimination, and more than a "stray remark," plaintiff must show "that the comment (1) was related to his status as a member of a protected class; (2) was proximate in time to the adverse employment action; (3) made by someone 'with authority over the challenged employment decision,' and (4) related to the challenged action") (quoting *Eaglin v. Texas Children's Hosp.*, 801 F. App'x 250, 255 (5th Cir. 2020)).

Accordingly, the Court finds that Plaintiff fails to state a claim for race discrimination under Title VII because she has not pleaded sufficient facts giving rise to a reasonable inference of plausibility for the ultimate elements of her claim.

B. <u>Disability Discrimination</u>

Plaintiff also brings a disability discrimination claim against Defendant under the American with Disabilities Act ("ADA").  (ECF No. 1 at 2, 10–11; ECF No. 1-1 at 1).

The ADA prohibits discrimination in employment against qualified persons with a disability.  *See generally* 42 U.S.C. § 12112(a).

> Under [the *McDonnell Douglas*] framework, a plaintiff must first establish a prima facie case of disability discrimination by showing that (1) [s]he is disabled, has a record of having a disability, or is regarded as disabled; (2) [s]he is qualified for h[er] job; and (3) [s]he was subjected to an adverse employment action on account of h[er] disability.

*Kitchen v. BASF*, 343 F. Supp. 3d 681, 687–88 (S.D. Tex. 2018), *report and recommendation adopted*, No. 3:17-cv-00040, 2018 WL 5723147 (S.D. Tex. Nov. 1, 2018), *aff'd*, 952 F.3d 247 (5th Cir. 2020) (citing *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 230 (5th Cir. 2015)).  The ADA defines "disability" as (a) a physical or mental impairment that substantially limits one or more major life activities, (b) a record of such an impairment, or (c) being regarded as having such an impairment.  42 U.S.C. § 12102(1).  "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."  42 U.S.C. § 12102(2)(A).  Thus, to adequately

10

allege a disability under the ADA, a plaintiff must plead facts giving rise to an inference that her impairment "substantially limits one or more 'major life activities.'" *Luedecke v. Tenet Healthcare Corp.*, No. 3:14-cv-1582-B, 2015 WL 58733, at *5 (N.D. Tex. Jan. 5, 2015) (quoting *Hale v. King*, 642 F.3d 492, 500–01 (5th Cir. 2011)).

Here, Plaintiff's Complaint states "disability (mental health) and physical toll" and refers to her mental health as a disability throughout her EEOC Charge. (ECF No. 1 at 2, 10–11). Defendant notes that Plaintiff's EEOC charge makes a reference to PTSD but argues that "Plaintiff has provided no supporting documentation to establish that Plaintiff suffers from PTSD" and that "merely alleging PTSD is insufficient to establish a 'disability' under the ADA." (ECF No. 13-1 at 7). "PTSD . . . standing alone, is not necessarily a disability contemplated by the ADA. The statute requires an impairment that substantially limits one or more of the major life activities." *Hamilton v. Sw. Bell Tel. Co.*, 136 F.3d 1047, 1050 (5th Cir. 1998).

Plaintiff ultimately provides no facts as to how her alleged impairments qualify as a disability under the ADA, let alone provide facts that she was qualified for her job or subjected to an adverse employment action *due to her disability*. Thus, the Court finds that Plaintiff fails to state a claim for disability discrimination under the ADA because she has not pleaded sufficient

facts giving rise to a reasonable inference of plausibility for the ultimate elements of her claim.

C. Retaliation

Lastly, Plaintiff brings a retaliation claim against Defendant under Title VII. (ECF No. 1 at 8).

To establish a prima facie case of retaliation under Title VII, a plaintiff must show that: "(1) [she] has engaged in activity protected by Title VII; (2) the employer took adverse employment action against [her]; and (3) a causal connection exists between that protected activity and the adverse employment action." *Smith v. Home Depot U.S.A., Inc.*, 102 F. Supp. 3d 867, 878 (E.D. La. 2015) (quotations omitted). A plaintiff engages in a protected activity when she has either: "opposed any practice made an unlawful employment practice by [Title VII or] made a charge, testified, assisted, or participated in any matter in an investigation, proceeding, or hearing under [Title VII]." *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 428 (5th Cir. 2000) (quoting 42 U.S.C. § 2000e-3(a)). "An adverse employment action is one that . . . might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Smith*, 102 F. Supp. 3d at 878 (quotations omitted). "[T]o satisfy the 'causal link' requirement of a Title VII retaliation claim, the employee must provide substantial evidence that 'but for' exercising protected

rights, she would not have been discharged." *Wheat v. Fla. Par. Juv. Just. Comm'n*, 811 F.3d 702, 705–06 (5th Cir. 2016) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013)).  "[A] plaintiff must allege facts showing the employer was aware of the protected activity; otherwise, there can be no causal connection between the protected activity and any adverse employment action taken by the employer." *Winn v. Cleburne Indep. Sch. Dist.*, No. 3:18-cv-2949, 2020 WL 5291941, at *5–6 (N.D. Tex. Sept. 3, 2020) (confirming that filing a EEOC charge constitutes a protected activity under Title VII).  A plaintiff can only recover for alleged retaliatory actions that occur after engaging in the protected activity.  *See Obondi v. UT Sw. Med. Ctr.*, No. 3:15-cv-2022, 2017 WL 2729965, at *14 (N.D. Tex. June 23, 2017).

Here, Plaintiff alleges "Retaliation" under her Statement of Claims but provides no facts as to whether she engaged in protected activity or whether a causal connection existed between that protected activity and an adverse employment action.  (ECF No. 1 at 8).  Thus, the Court finds that Plaintiff fails to state a claim for retaliation under Title VII because she has not pleaded sufficient facts giving rise to a reasonable inference of plausibility for the ultimate elements of her claim.

13

## IV.   Leave to Amend

Rule 15 directs courts to "freely give leave [to amend the pleadings] when justice so requires." FED. R. CIV. P. 15(a)(2). "When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice." *Ricardo v. Bank of N.Y. Mellon*, No. 16-cv-3238, 2017 WL 3424975, at *2 (S.D. Tex. Aug. 9, 2017) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  However, it is within the sound discretion of the court to decide whether to grant leave to amend, and courts frequently deny leave when a party fails to submit a proposed pleading or explain how they can cure any defects.  *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 254–55 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying leave to amend after dismissing claims under Rule 12(b)(6) because "the plaintiffs did not demonstrate to the court how they would . . . cure the pleading defects raised by the defendants" and did not proffer a proposed amended complaint).  Additionally, "denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).  "Amendment would be futile if the proposed amended complaint 'fail[s] to state a claim upon which relief could be granted.'" *Thomas*

14

*v. Samuel*, No. 2:22-cv-00158, 2023 WL 1529544, at *1 (S.D. Tex. Feb. 2, 2023) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000)).

The Fifth Circuit has held that "district courts should not dismiss *pro se* complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case." *Hale*, 642 F.3d at 503; *see also Fierro v. Knight Transp.*, No. 12-cv-218, 2012 WL 4321304, at *8 (W.D. Tex. Sept. 18, 2012) ("Because Rule 12(b)(6) dismissals of *pro se* complaints are disfavored, a court should grant a *pro se* party every reasonable opportunity to amend.") (quotations and alterations omitted).  This is true even when a plaintiff fails to respond to the motion to dismiss or request leave to amend.  *See, e.g., Davis v. Am. Mortg. Network, Inc.*, No. 11-cv-1690, 2012 WL 13018977, at *2 (N.D. Tex. Jan. 18, 2012), *report and recommendation adopted*, 2012 WL 537594 (Feb. 16, 2012); *Ramirez v. United States*, No. 01-cv-717, 2003 WL 22123463, at *2 (N.D. Tex. Mar. 6, 2003).  "However, it is within the sound discretion of the Court to decide whether to grant leave to amend, and Courts frequently deny leave when a party fails to submit a proposed pleading or explain how he can cure any defects." *Jemison v. Ill. Dep't of Health & Fam. Servs.*, No. 4:21-cv-2099, 2022 WL 283027, at *6 (S.D. Tex. Jan. 13, 2022), *report and recommendation*

15

*adopted*, No. 4:21-cv-02099, 2022 WL 279683 (Jan. 31, 2022), *aff'd*, No. 22-20114, 2022 WL 14049692 (5th Cir. Oct. 24, 2022).

Here, this Court recommends Plaintiff's Complaint be dismissed with prejudice because it appears Plaintiff has alleged her best case and allowing an amendment would be futile. *See Seilheimer v. Soundview Home Loan Tr. 2006-OPT2*, No. 3:22-cv-0681, 2022 WL 17167952, at *2 (N.D. Tex. Oct. 3, 2022), *report and recommendation adopted*, No. 3:22-cv-0681, 2022 WL 17168361 (N.D. Tex. Nov. 21, 2022) ("Dismissal with prejudice is [] appropriate if a court finds that the plaintiff has alleged his or her best case.") (citing *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999)). Since Defendant filed its Motion to Dismiss on June 21, 2024, Plaintiff filed (1) a Notice to the Court communicating to the Court that she was working on her response (ECF No. 15); (2) a Motion for a Hearing wherein she requested help interpreting the law (ECF No. 16); (3) a Letter requesting help a second time (ECF No. 17); (4) an Exhibit containing "racial discrimination pictures" (ECF No. 18); (5) an "Amended Complaint" wherein Plaintiff simply "added" two parties to the case without restating her causes of action (ECF No. 19); and (6) a Motion for Extension of Time to amend the joint discovery case management plan (ECF No. 21). However, none of Plaintiff's filings contain any explanation of how she could cure the many defects of her case. Further, "[w]hile Plaintiff is

16

proceeding pro se and is not a lawyer, this does not relieve h[er] of familiarizing h[er]self and complying with the district's Local Civil Rules and the Federal Rules of Civil Procedure applicable to all litigants, and it is not the court's responsibility to give Plaintiff or any pro se litigant legal advice." *Williams v. City of Richardson*, No. 3:16-cv-2944-L, 2018 WL 4269088, at \*2 (N.D. Tex. Sept. 7, 2018).

On July 11, 2024, Plaintiff also filed her Response to Defendant's Motion to Dismiss. (ECF No. 24). Plaintiff's 21-page response largely reiterates the same allegations made in her complaint by describing her employer's actions, addressing substance abuse under the ADA and her PTSD diagnosis, and explaining the exhibits attached to her response. (*See id.*). The exhibits include various training certificates awarded to Plaintiff, a document addressing Restless Legs Syndrome and various other health conditions, and Exam and Adjustment records from two chiropractic clinics. (*Id.* at 22-51). Having reviewed Plaintiff's response and the attached exhibits, the Court fails to see how Plaintiff could cure the many defects of her case.

In short, Plaintiff's allegations do not show unlawful discrimination or retaliation in the workplace. Accordingly, this Court recommends that Plaintiff's Complaint be dismissed with prejudice as to this Defendant.

## V.    Conclusion

Based on the foregoing, the Court **RECOMMENDS** Defendant's Motion to Dismiss (ECF No. 13) be **GRANTED** and Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** as to Defendant Sacks Counseling, LLC. The Court **FURTHER RECOMMENDS** Defendant's Motion for More Definite Statement (ECF No. 14), Plaintiff's Motion for Hearing (ECF No. 16), and Plaintiff's Motion for Extension of Time (ECF No. 21) be **DENIED AS MOOT**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on July 12, 2024.

_____
Richard W. Bennett
United States Magistrate Judge

18